UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDDIE TYREESE GUYTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-513-JD-MGG |
| ST. JOSEPH COUNTY JAIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Eddie Tyreese Guyton, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On April 25, 2023, Guyton was involved in a fight with other inmates. Deputy Stockbridge wrote a disciplinary report, but Guyton says the disciplinary report did not indicate that another inmate threw the first punch. CAB Officer Olmstead found Guyton guilty of Class II Battery/Fighting and Class III Conduct Which Disrupts. The guilty finding was based on video evidence, inmate testimony, and written reports.

CAB Officer Olmstead sanctioned Guyton with thirty days of segregation and loss of other privileges.

Guyton takes issue with whether the class of violation he was found guilty of was correct under the jail's policy. He also claims that he was merely defending himself. He appealed to Captain Zawistowski. He indicates that he should have received a response to his appeal under jail guidelines, but he had not received a response at the time he filed his complaint.

He wrote grievances about these matters to Captain Zawistowki and Warden Olmstead, but Guyton received no response. He wrote to Classification Head Gohen and received no response. He asked Deputy Moore and Deputy Ramez for appeal forms and his request was denied.

Guyton has named nine separate defendants: St. Joseph County Jail, Warden Russ Olmstead, CAB-Ryan Olmstead, Deputy Ryan Stockbridge, Cpl. Nicholas Merril, Deputy Moore, Deputy Ramos, Captain Zawistowski, and Head of Classification Gohen. He seeks monetary compensation.

As an initial matter, Guyton has named the St. Joseph County Jail as a defendant, but it is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot proceed against the jail.

Because Guyton is a pre-trial detainee, his claim must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id*. (quoting *Bell v.*

*Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). Moreover, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). "[D]ue process requires that he receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least 'some evidence' in the record, for any disciplinary action taken." *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). However, not every placement of a pre-trial detainee in segregation constitutes punishment, and when done for legitimate security reasons, such placements do not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995).

Here, Guyton claims there were procedural violations, but it appears he received written notice of the charges and the chance to present evidence to an impartial decisionmaker. He received a written explanation, and that explanation was supported by some evidence of his guilt. Therefore, he has not alleged facts from which it can be plausibly inferred that any defendant violated his due process rights.

Moreover, Guyton's only allegations against Warden Olmstead, Classification Head Gohen, Deputy Moore, and Deputy Ramez are that they did not respond to his

3

grievances or requests regarding the perceived wrongdoing related to the guilty finding. These individuals do not appear to have been involved in charging him with a disciplinary offense or finding him guilty. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009). Therefore, he has not stated a claim against Warden Olmstead, Classification Head Gohen, Deputy Moore, or Deputy Ramez.

Guyton also complains that Deputy Stockbridge and Cpl. Nicholas Merril did not ask him if he wanted to press charges. Guyton does not have a right to have the alleged wrongdoing investigated or prosecuted. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General.").

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Guyton may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

4

For these reasons, the court:

(1) GRANTS Eddie Tyreese Guyton until **November 30, 2023**, to file an amended complaint; and

(2) CAUTIONS Eddie Tyreese Guyton if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 1, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT